HOWARD C. KIM, ESQ.
Nevada Bar No. 10386                                                    E-filed on: October 11, 2012
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: Michael@hkimlaw.com
HOWARD KIM & ASSOCIATES
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

*Attorneys for David Rosenberg, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE POWELL LITIGATION GROUP, P.C.<br><br>       Debtor. | Case No. :   12-15555-mkn<br><br>Chapter 7 |
| DAVID A. ROSENBERG, Chapter 7 Trustee;<br><br>       Plaintiff,<br><br>vs.<br><br>MILEE POWELL and KRISTEN N. WAINA,<br><br>       Defendants. | Adversary No.<br><br><br><br>**Scheduling Conference:**<br>**Date:**<br>**Time:** |

David A. Rosenberg, solely in his capacity as Chapter 7 Trustee, (the "Trustee") for the bankruptcy estate of THE POWELL LITIGATION GROUP, P.C. ("Debtor"), by and through his counsel of record, Howard Kim & Associates, respectfully submits this adversary complaint against defendants MILEE POWELL ("Milee") and KRISTEN N. WAINA ("Kristen")(collectively referred to herein as "Defendants"), and alleges as follows:

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

# I.    <u>JURISDICTION</u>

1.    On or about May 9, 2012 ("Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7, Title 11 U.S.C., and an order of relief was entered. Subsequently, David A. Rosenberg was appointed Chapter 7 Trustee for the case.

2.    This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 157(b).

3.    Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409.

4.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (H).

# II.    <u>GENERAL ALLEGATIONS</u>

5.    The Trustee fully incorporates and re-alleges paragraph 1 through 4 as though fully set forth herein.

6.    Debtor is a law practice, organized as a professional corporation under Nevada law.  Debtor operated primarily a personal injury litigation practice (the "Business"), out of an office located at 9960 W. Cheyenne Ave., Las Vegas, Nevada, 89129, and with a former address of 9525 Hillwood Drive #200, Las Vegas, NV 89134.

7.    Paul Powell ("Paul") was the principal of the Debtor.

8.    Defendant Milee Powell is an individual, who, upon information and belief, currently resides in the State of Nevada.

9.    Paul placed Milee on the Debtor's payroll, from which she received in excess of $50,000.00 in wages and benefits from approximately December 7, 2009 to the Petition Date.

10.    Upon information and belief, Milee Powell did not perform any work for the Debtor and the Debtor received no consideration for the wages and benefits it paid to Milee.

11.    Upon information and belief, Milee is Paul's ex-wife.

12.     Defendant Kristen N Waina is an individual, who, based on Paul's testimony, currently resides in the State of Illinois with Paul.

13.     Upon information and belief, Paul placed Kristen on the Debtor's payroll, from which she received in excess of $50,000.00 in wages and benefits.

14.     Upon information and belief, Kristen did not perform any work for the Debtor and the Debtor received no consideration for the wages and benefits it paid to Kristen.

15.     Paul Powell testified under oath that he purchased an engagement ring for approximately $75,896.74 on or around September 26, 2011, with funds directly belonging to the Debtor.

16.     The funds to purchase the ring came from a bank account belonging to Debtor and were wire transferred directly to a third party.

17.     Paul Powell also testified that he gave this engagement ring to Kristen.

18.     Paul also testified that Kristen still has possession of the ring.

19.     Upon information and belief, Debtor received no consideration for the engagement ring given to Kristen.

### III.    FIRST CAUSE OF ACTION
### Against Defendant Milee Powell
### (Fraudulent Conveyance – 11 USC §§ 548 and 550)

20.     The Trustee incorporates and re-alleges paragraphs 1 through 19 as though fully set forth herein.

21.     Pursuant to 11 U.S.C. § 548(a)(1):

The trustee may avoid any transfer . . . of an interest in property . . that was made within 2 years before the date of the filing of the petition . . . if the debtor . . . (A) made such transfer . . . with the actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . indebted; or (B)(i) received less than reasonably equivalent value in exchange for such transfer . . . ; and (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . . was engaged in business or a transaction . . . or made such a transaction for the benefit of an insider. . . .

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 3 -

22.     On or about December 7, 2009, Paul placed Milee on the Debtor's payroll to which she began to receive wages and benefits directly from the Debtor's funds.

23.     The funds from which Milee's wages and benefits were paid were the property of the Debtor and, therefore, the transferred funds were property of the bankruptcy estate.

24.     From approximately December 7, 2009 to the Petition Date, Milee received in excess of $50,000 in wages and benefits directly from the Debtor.

25.     Upon information and belief, Milee did not perform any work for the Debtor and the Debtor received no consideration for the transfers to Milee.

26.     Upon information and belief, Milee is an insider, as she is Paul's ex-wife and the mother of his children.

27.     The Trustee alleges that the transfers were made to Milee Powell within ten years prior to the filing of the Debtor's bankruptcy petition.

28.     At the time each transfer was made; such transfer was made to or for the benefit of Milee, and not for the benefit of the Debtor.

29.     The Debtor received less than a reasonably equivalent value in exchange for such transfers or obligations, as Milee did no work for Debtor.

30.     The Debtor was insolvent on the dates the transfers were made or such obligations were incurred, or the Debtor became insolvent as a result of such transfers or obligations.

31.     The Debtor intended to incur or believed that the Debtor would incur debt that would be beyond the Debtor's ability to pay if such debt matured.

32.     The transfers to Milee were made to or for the benefit of an insider under an employment contract and not in the ordinary course of business as Milee, Paul's ex-wife and mother of his children, performed no work for the Debtor.

33.     Said transfers were fraudulent conveyances pursuant to 11 USC § 548.

34.     The Trustee is entitled to recover from Milee the value of the transferred assets based upon their value at the time of the transfer.

35.     The bankruptcy estate has been damaged in excess of $50,000.00, plus interest, attorney's fees and costs.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

## IV.    SECOND CAUSE OF ACTION
### Against Defendant Milee Powell
**(Fraudulent Transfer – Nev. Rev. Stat. § 112.140 et seq., 11 U.S.C. §§ 544 and 550)**

36.    The Trustee incorporates and re-alleges paragraphs 1 through 35 as though fully set forth herein.

37.    Pursuant to Nev. Rev. Stat. § 112.180(1), in pertinent part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer. . .:(a) with actual intent to hinder, delay or defraud any creditor or debtor; or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtors were unreasonably small in relation to the business or transaction; or (2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due.

38.    On or about December 7, 2009, Paul Powell placed Milee on the Debtor's payroll to which she began to receive wages and benefits directly from the Debtor's funds.

39.    The funds from which Milee's wages and benefits were paid were the property of the debtor, and, therefore, the transferred funds are property of the bankruptcy estate.

40.    From approximately December 7, 2009 to the Petition Date, Milee received in excess of $50,000 in wages and benefits directly from the Debtor.

41.    Upon information and belief, Milee did not perform any work for the Debtor and the Debtor received no consideration for the transfers to Milee.

42.    Upon information and belief, Milee is an insider, as she is Paul's ex-wife and the mother of his children.

43.    The Trustee alleges that the transfers were made to Milee within four years prior to the Petition Date.

44.    At the time each transfer was made; such transfer was made to or for the benefit of Milee Powell and/or Paul Powell who are insiders, and not for the benefit of the Debtor.

45.    The Debtor received less than a reasonably equivalent value in exchange for such transfers or obligations.

46.     The Debtor was insolvent on the dates the transfers were made or such obligations were incurred, or the Debtor became insolvent as a result of such transfers or obligations.

47.     The Debtor intended to incur or believed that the Debtor would incur debt that would be beyond the Debtor's ability to pay if such debt matured.

48.     The transfers to Milee were made to or for the benefit of an insider under an employment contract and not in the ordinary course of business as Milee performed no work for the Debtor.

49.     Said transfers were fraudulent conveyances pursuant to Nev. Rev. Stat. §§ 112.140 et seq.

50.     The Trustee is entitled to recover from Milee the value of the transferred assets based upon their value at the time of the transfer.

51.     The bankruptcy estate has been damaged in excess of $50,000.00, plus interest, attorney's fees and costs.

**V.     THIRD CAUSE OF ACTION**
**Against Defendant Kristen N. Waina**
**(Fraudulent Conveyance – 11 USC §§ 548 and 550)**

52.     The Trustee incorporates and re-alleges paragraphs 1 through 51 as though fully set forth herein.

53.     Pursuant to 11 U.S.C. § 548(a)(1):

> The trustee may avoid any transfer . . . of an interest in property . . that was made within 2 years before the date of the filing of the petition . . . if the debtor . . . (A) made such transfer . . . with the actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . .indebted; or (B)(i) received less than reasonably equivalent value in exchange for such transfer . . . ; and (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . . was engaged in business or a transaction . . . or made such a transaction for the benefit of an insider. . . .

/ / /

/ / /

54. Paul placed Kristen N. Waina on the Debtor's payroll to which she began to receive wages and benefits directly from the Debtor's funds. The funds from which Kristen's wages and benefits were paid were the property of the debtor, and therefore it was property of the bankruptcy estate.

55. Kristen N. Waina received in excess of 50,000.00 in wages and benefits directly from the Debtor.

56. Upon information and belief, Kristen N. Waina did not perform any work for the Debtor and the Debtor received no consideration for the transfers to Ms. Waina.

57. Upon information and belief, Kristen N. Waina is an insider as she was Paul Powell's girlfriend and is now Paul Powell's fiancé.

58. The Trustee alleges that the transfers were made to Kristen within ten years prior to the filing of the Debtor's bankruptcy petition.

59. An engagement ring purchased using Debtor's funds, was transferred to Kristen within two years of the Petition Date.

60. At the time each of the above-referenced transfers were made; such transfer was made to or for the benefit of Kristen, and not for the benefit of the Debtor.

61. At the time each transfer was made; such transfer was made to or for the benefit of Kristen, who is an insider, and not for the benefit of the Debtor.

62. The Debtor received less than a reasonably equivalent value in exchange for such transfers or obligations.

63. The Debtor was insolvent on the dates the transfers were made or such obligations were incurred, or the Debtor became insolvent as a result of such transfers or obligations.

64. The Debtor intended to incur or believed that the Debtor would incur debt that would be beyond the Debtor's ability to pay if such debt matured.

65. The transfers to Kristen were made to or for the benefit of an insider under an employment contract and not in the ordinary course of business as Kristen performed no work for the Debtor.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

66.    Said transfers were fraudulent conveyances pursuant to 11 USC § 548.

67.    The Trustee is entitled to recover from Kristen the value of the transferred assets based upon their value at the time of the transfer.

68.    The bankruptcy estate has been damaged in excess of $50,000.00 plus interest, attorney's fees and costs.

### VI.    FOURTH CAUSE OF ACTION
**Against Defendant Kristen N. Waina**
**(Fraudulent Transfer – Nev. Rev. Stat. § 112.140 et seq.; 11 U.S.C. §§ 544, and 550)**

69.    The Trustee incorporates and re-alleges paragraphs 1 through 68 as though fully set forth herein.

70.    Pursuant to Nev. Rev. Stat. § 112.180(1), in pertinent part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer. . .:(a) with actual intent to hinder, delay or defraud any creditor or debtor; or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtors were unreasonably small in relation to the business or transaction; or (2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due.

71.    Paul Powell placed Kristen N. Waina on the Debtor's payroll, and she began to receive wages and benefits directly from the Debtor's funds.

72.    The funds from which Kristen N. Waina's wages and benefits were paid were the property of the debtor, and therefore are the property of the bankruptcy estate.

73.    Kristen a received in excess of $50,000 in wages and benefits directly from the Debtor.

74.    Upon information and belief, Kristen did not perform any work for the Debtor and the Debtor received no consideration for the transfers to Ms. Waina.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

75.     Upon information and belief, Kristen is an insider, as she was Paul Powell's girlfriend and is now Paul Powell's fiancé.

76.     The Trustee alleges that the transfers were made to Kristen within ten years prior to the filing of the Debtor's bankruptcy petition.

77.     An engagement ring purchased using Debtor's funds, was transferred to Kristen within two years of the Petition Date.

78.     At the time each of the above-referenced transfers were made; such transfer was made to or for the benefit of Kristen, and not for the benefit of the Debtor.

79.     The Debtor received less than a reasonably equivalent value in exchange for such transfers or obligations.

80.     The Debtor was insolvent on the dates the transfers were made or such obligations were incurred, or the Debtor became insolvent as a result of such transfers or obligations.

81.     The Debtor intended to incur or believed that the Debtor would incur debt that would be beyond the Debtor's ability to pay if such debt matured.

82.     The wage and benefit transfers to Kristen were made to or for the benefit of an insider under an employment contract and not in the ordinary course of business as Kristen performed no work for the Debtor.

83.     Said transfers were fraudulent conveyances pursuant to Nev. Rev. Stat. §§ 112.140 et seq.

84.     By virtue of the foregoing, the transfers are avoidable, and the Trustee is entitled to recover the value of the assets transferred based on their value at the time of the transfer from Debtor.

85.     The bankruptcy estate has been damaged in excess of $50,000.00, plus interest, attorney's fees and costs.

/ / /

/ / /

/ / /

/ / /

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

## VII.    FIFTH CAUSE OF ACTION
### Against Defendant Kristen N. Waina
### (Turnover of Property of the Estate, 11 U.S.C. § 542)

86.    Plaintiff incorporates and re-alleges paragraphs 1 through 83 as though fully set forth herein.

87.    Kristen is currently in possession of property, to wit an engagement ring, which was purchased with funds directly wired from Debtor's bank account.

88.    The engagement ring is, by virtue of the foregoing, property of the Estate.

89.    Kristen has failed and refused to turnover this property to the Trustee.

90.    The Trustee requests that pursuant to 11 U.S.C. § 542, this Court require Kristen to turnover this property to the Trustee or, in the alternative, pay to the Estate the value of the ring at the time of the transfer.

**WHEREFORE** the Trustee prays for judgment as follows:

1.   As to all Defendants, that the transfers be avoided.

2.   Against Defendant Milee Powell:

    a.   For judgment in the amount in excess of fifty thousand dollars ($50,000.00);

    b.   For interest from the entry date of this judgment at the legal rate;

    c.   For an award of attorneys fees and costs of suit;

    d.   For any further relief that the Court may deem just and proper.

3.   Against to Defendant Kristen N. Waina:

    a.   For judgment in the amount in excess of fifty thousand dollars ($50,000.00);

    b.   For interest from the entry date of this judgment at the legal rate;

    c.   Requiring turnover of the property, to wit, the engagement ring given to her by Paul Powell.

    d.   In the alternative, for judgment in the amount of approximately seventy five thousand eight hundred ninety-six dollars and seventy four cents ($75,896.74), the cost of the engagement ring;

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

e.   For interest from the entry date of this judgment at the legal rate;

f.   For an award of attorneys fees and costs of suit;

g.   For any further relief that the Court may deem just and proper.


DATED this 11th of October, 2012.

HOWARD KIM & ASSOCIATES


**/s/Howard C. Kim**

HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
400 N. Stephanie St. Suite 160
Henderson, Nevada 89014

*Attorneys for David Rosenberg, Chapter 7 Trustee*

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST. SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301